Hillsborough, Feb. 4, 1947. } No. 3625.

ADRIEN J. LEMARIER *v.* A. TOWLE COMPANY.

SAME *v.* GERARD DUHAIME.

*Chretien & Craig (Mr. Chretien* orally), for the plaintiff.

*Alvin A. Lucier* and *Robert Shaw (Mr. Lucier* orally), for the defendants.

JOHNSTON, J. When the plaintiff approached the truck, he could not hear what the driver said and did not know what he wanted. The latter had tooted his horn and called to him. The plaintiff could reasonably understand that he was invited to get near enough to Duhaime to understand him, even if this involved putting hands upon the window frame in the door and a foot upon the running board or perhaps raising oneself with both feet on the running board. It is true that the vehicle was not the property of the servant but of his employer. On the other hand the plaintiff did not know the nature of the driver's business whether it was personal or pertained to company affairs. The employee was in charge of the truck and it could be found that he had implied authority to let the plaintiff make such use

of it as he did for the purpose of hearing what the employee had to say. The plaintiff had no notice of any lack of consent on the part of the employer.

The issue of the plaintiff's contributory negligence was plainly for the jury. It was dark and the plaintiff did not know of the rod with the missing mirror and frame projecting at an angle from the front post of the window in the door. He was endeavoring to comply with the invitation of the driver and to hear him. If the danger was not reasonably to be sensed, he was not careless. *Miller* v. *Daniels*, 86 N. H. 193.

There was evidence of the defendant Duhaime's causal negligence. He knew of the missing mirror frame and on the previous day had asked to have it repaired. It could be found that he knew or should have known of the angle at which it projected and that he was negligent in calling the plaintiff to him to converse under such circumstances. It would have been a simple matter for him to have placed the arm back against the door frame or to have warned Mr. Lemarier of the danger. In the action against Gerard Duhaime, the nonsuit was wrongly ordered and the exception to the order is sustained.

The rule of *respondeat superior* will not apply so as to make the defendant company liable for any negligence of the driver Duhaime if at the time of the accident the latter was not acting within the scope of his employment. "An act of a servant is not within the scope of employment if it is done with no intention to perform it as part of or incident to a service on account of which he is employed." Restatement, Agency, *s.* 235. *Sauriolle* v. *O'Gorman*, 86 N. H. 39; *Roulias* v. *Crafts*, 81 N. H. 107; *Danforth* v. *Fisher*, 75 N. H. 111. In making the side trip on Silver Street, the purpose of Duhaime was to go home, change his clothes and get a haircut in order that he might keep a personal appointment. He testified: "Well, it was rather late and I had an appointment for approximately quarter past nine. I wanted to keep it. I figured if I took the car to the garage first—it is three-quarters of a mile up from where I live—I wouldn't be able to keep my appointment. If I was there I would be nearer the center of town. That is when I was at my house." In reply to the question, "You were doing that for your own personal convenience, weren't you?" he replied, "That's right." The facts that the driver was using the employer's vehicle with its load belonging to the employer and that he was taking proper care of the same, do not furnish a purpose to serve the master by this errand which did not further the master's interests but was antagonistic to them. Not only was the work of the latter

delayed but because of a time clock attachment he had to pay the employee for the operation of the truck on the employee's private, pleasure trip.

This is not the case of a dual purpose, or of conduct of a servant "actuated, at least in part by a purpose to serve the master." Restatement, Agency, s. 228. See also, *Boston* v. *Company*, 91 N. H. 392.

The plaintiff argues that the case against the defendant company should have been submitted to the jury on the theory that it permitted Duhaime to use for this errand of his own a truck that it should have known was defective. Even if it could be established that the company consented to the private errand of Duhaime, the company would not be liable for any conduct of the latter on the ground of imputed negligence.

The evidence that the company knew of and acquiesced in such use of the truck as the driver made of it at the time of the accident was too trifling and speculative to warrant the submission to the jury of the issue of the company's consent to such use. The employee had used the truck to go home to supper at most two or three times a week during his four weeks of employment. His home was opposite the plaintiff's barber shop. The truck, but not the name on it, could be seen seven or eight hundred feet away at a point near the company's office but not from the office. A time clock on the truck registered when the truck was being operated. The testimony of Duhaime, who was put on by the plaintiff, on direct examination concerning this matter of knowledge and consent was: "No [no express prohibition], but if I had got caught I know I would have got Cain for it or hell—whatever you call it, and I would be told not to do it."

If the defendant company did not consent to the use that its employee was making of the truck at the time of the accident, then it would not be liable for a defective condition of the truck while the employee was using it for an errand outside the scope of his employment. "As stated in the earlier annotations, it is a well-established rule, in the absence of statutes making the owner of an automobile liable for injury or damage inflicted while his car is being operated by another, that the owner is not liable for injury or damage occasioned while his car is being used by his servant on the latter's pleasure or business, without the owner's permission or consent." 122 A. L. R. 859. This general rule is applied in one of the subdivisions to the situation when the car is defective. *Reddy &c. Company* v. *Spivey*, 53 Ga. App. 117, is given as authority. In this case the car was defective in that it was out of repair and that no rear red light was attached as

required by statute. The employee at the time of the collision was using the car for a purpose of his own without the employer's permission. It was held that the employer was not liable even if he knew of the defective condition. See also, 7-8 Huddy, Automobile Law, 251. Authorities reaching the same result are 5 Blashfield, Automobile Law and Practice, s. 3021 and *Beatty* v. *Company*, 263 Pa. St. 271. This text and this case, however, do not impose liability on the master for the alleged reason that his neglect with respect to the defective condition was not the proximate cause of the injury because of the conduct of the servant in using the vehicle for a private purpose of his own without permission.

In this state the test for releasing the master is not that of proximate cause but rather whether he owed any duty at all to the plaintiff. "The authorities in this country are substantially unanimous to the effect that, in actions for failure to use ordinary care, a duty toward the complaining party must be shown to exist. The reason for the imposition of the duty has been found in the relation of the parties . . . If there is no relationship, there is no duty." *Garland* v. *Railroad*, 76 N. H. 556, 565. "In regard to persons the law is extremely clear. Only persons whose presence within the zone of apprehended danger is expectable can complain of a failure to protect them against expectable risks. Failure to furnish protection is negligence only toward those to whom a duty of protection is owed." *Flynn* v. *Gordon*, 86 N. H. 198, 201, and cases cited. Under the facts and circumstances of this case, the plaintiff was not within the "zone of apprehended danger," and the defendant company was not reasonably to be required to anticipate risk to a person in his position. In the action against the A. Towle Company, the exception to the order of nonsuit is overruled.

The plaintiff offered evidence of an alleged custom on the part of truck and automobile drivers to stop, remain behind the wheel and talk to people. His purpose was to charge the owner of the truck with such knowledge and with liability for failure to use due care in taking precautions against the defective condition. In view of the conclusion reached in the action against the owner, the evidence of such knowledge is immaterial. The exception to the exclusion of the evidence is overruled.

*Judgment for defendant company;*
*new trial in action against defendant Duhaime.*

All concurred.